UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRAIG HINES,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

Case No. C17-579 JCC

**ORDER REVERSING AND REMANDING CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Craig Hines seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Mr. Hines' lawyer filed an opening brief that violates the Court's scheduling order, Dkt. 8, in that it fails to list the errors alleged beginning on page one, and sets forth the issue for review in general statements, exactly as the Court prohibits. Counsel is advised that future briefs that fail to conform to the Court's scheduling order may be summarily stricken.

Mr. Hines contends the ALJ's residual functional capacity (RFC) determination fails to account for all of his physical and mental limitations. Dkt. 9. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER REVERSING AND REMANDING CASE
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

## BACKGROUND

Mr. Hines is currently 57 years old, has a limited education, and has worked as a truck operator, stock clerk, and stores laborer. Tr. 28. Mr. Hines was previously awarded disability income, ending upon his incarceration in July 2010. Tr. 19. After his release in December 2013, Mr. Hines filed a reapplication for supplemental security income, amended to allege disability as of the reapplication date, which was denied initially and on reconsideration. Tr. 19. ALJ Ilene Sloan conducted a hearing and, on November 23, 2015, issued a decision finding Mr. Hines not disabled. Tr. 19-30.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Mr. Hines has not worked since the reapplication date.

**Step two:** Mr. Hines has the following severe impairments: status post multiple bilateral foot surgeries, obesity, borderline intellectual functioning, depressive disorder, anxiety, posttraumatic stress disorder (PTSD), personality disorder, and cocaine dependence.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Mr. Hines can perform medium work, frequently stooping, kneeling, crouching, crawling, and climbing ramps and stairs, occasionally climbing ladders, ropes, and scaffolds, and with no limitation on balancing. He can perform simple, routine, repetitive tasks but nothing detailed or complex. He is limited to no more than occasional contact with the public, and no tandem tasks or tasks involving cooperative team effort.

**Step four:** Mr. Hines cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that he can perform, Mr. Hines is not disabled.

Tr. 21-29. The Appeals Council denied Mr. Hines' request for review, making the ALJ's

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING CASE
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

decision the Commissioner's final decision. Tr. 1.[3]

**DISCUSSION**

Mr. Hines contends the ALJ's RFC determination fails to account for all of his physical and mental limitations. He argues the ALJ erroneously found (1) he has the RFC to perform medium duty work, when the medical evidence shows he is limited to light or sedentary work, (2) he can perform simple, routine work without accounting for his difficulty in maintaining concentration, persistence, or pace, and (3) his attendance and productivity problems did not preclude gainful work activity.

The Court may reverse an ALJ's decision only if it is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Even then, the Court will reverse the ALJ's decision only if the claimant demonstrates that the ALJ's error was harmful. *Id.* "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

**A.     Medium Work**

Mr. Hines contends that, because the ALJ failed to account for his foot pain and deformities, the ALJ erred in concluding that Mr. Hines can perform "medium work as defined

---

[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

in 20 CFR 416.967(c)." Tr. 24. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c). "If someone can do medium work, … he or she can also do sedentary and light work[,]" which may require "a certain amount" or "a good deal" of standing and/or walking. 20 C.F.R. § 416.967(a)-(c). The RFC contains no limitation on standing or walking. Tr. 24.

The ALJ gave significant weight to an April 26, 2014, report by examining physician Felicia Skelton, M.D. Tr. 25.[4] Dr. Skelton found normal strength in both legs and both arms, and diagnosed "[c]hronic bilateral foot pain from musculoskeletal deformities." Tr. 570. Dr. Skelton opined that, despite the pain, Mr. Hines' maximum lifting and carrying ability would be "50 pounds occasionally and 25 pounds frequently" and that he could stand or walk six hours in an eight-hour workday. Tr. 571.

Mr. Hines contends that Dr. Skelton's opinion is inconsistent with her clinical findings,[5] and that the ALJ should have credited the medical opinions of Douglas G. Smith, M.D., and Jordan Firestone, M.D., Ph.D., M.P.H. Dkt. 9 at 5-6. To properly determine Mr. Hines' RFC, the ALJ was required to consider all relevant medical opinions as well as the combined effect of all Mr. Hines' impairments. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). The Court concludes the ALJ erred by failing to evaluate these opinions at all.

In 2004, Dr. Smith opined that deformity and pain in both of Mr. Hines' feet would markedly interfere with standing, walking, and carrying and that "it would be very difficult for

---

[4] The ALJ also referred to Mr. Hines' own statement that he could not lift more than 40 pounds. Tr. 24. In a January 23, 2014, function report, Mr. Hines stated: "I can lift about 40 pounds. I have bad knees and feet so it's hard for me to do anything like that." Tr. 269.

[5] Mr. Hines quibbles with Dr. Skelton's statement that he does not use an assistive device for walking, because he does use one sometimes. Dkt. 9 at 5. There is no dispute that he does not use one for all walking. *See* Tr. 270 ("I can't walk long so I sometime[s] need a cane").

[Mr. Hines] to do a job that involves any amount of walking….." Tr. 367, 369.  In 2006, Dr. Firestone opined that Mr. Hines should not be required to stand and/or walk more than two hours in an eight-hour work day "due to the foot abnormalities and aggravation with weight bearing." Tr. 401.  Dr. Firestone's opinion would also limit Mr. Hines to lifting "20 pounds on an occasional basis and 10 pounds on a regular basis" and carrying "10 pounds or less over a short distance on an occasional basis." *Id.*  Like Dr. Skelton, Dr. Firestone found normal strength in all four limbs.  Tr. 400.

An ALJ must provide "clear and convincing reasons" to reject the uncontradicted opinion of an examining doctor.  *Lester v. Chater*, 81 F.3d 821, 830, 831 (9th Cir. 1996).  And when contradicted, as here, an examining doctor's opinion may not be rejected without "specific and legitimate reasons" that are supported by substantial evidence in the record.  *Id.*  Yet the ALJ not only failed to provide specific and legitimate reasons, she failed to even mention Dr. Smith's and Dr. Firestone's opinions at all.

"Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172–73 (9th Cir. 2015) ("Because a court must give specific and legitimate reasons for rejecting a treating doctor's opinions, it follows even more strongly that an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them." (Internal quotation marks omitted)).

The Commissioner acknowledges the ALJ's failure to even mention Dr. Smith's and Dr. Firestone's opinions but contends that it was harmless error because the opinions were given several years before Mr. Hines' reapplication date.  The Commissioner cites *Macri v. Chater*, 93

F.3d 540 (9th Cir. 2015) for the proposition that opinions outside the relevant period of alleged disability are less reliable. Dkt. 11 at 4. But because the examination in *Macri*, unlike the instant case, was performed "well after" the relevant period, it had little probative value for determining the key issue in that case, namely onset of disability. 93 F.3d at 545. The *Macri* court also found the report less persuasive because it was issued after the ALJ's decision, unlike in Mr. Hines' case. *Id.* at 544, citing *Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989) (finding opinion less persuasive because after an adverse determination the claimant "sought out a new expert witness who might better support his position").

The ALJ is permitted to disregard an opinion formulated outside of the relevant time period, if sufficient reasons are given. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). Courts in our circuit have concluded that an ALJ did not err by disregarding evidence that predated the claimant's application date by several years. *See Babcock v. Colvin*, No. 1:15-CV-00363, 2017 WL 370783, at *5 (D. Or. Jan. 25, 2017), citing *Turner*, 613 F.3d at 1224.

However, the ALJ may not do so without any analysis whatsoever. The Court can identify no case where an ALJ's failure to address a medical source in any way at all has been upheld by the Ninth Circuit as harmless error. In *Babcock*, the ALJ "reviewed all of the medical evidence but focused on the relevant period." 2017 WL 370783, at *5. In *Turner*, witness McFarland opined that Turner was completely unable to work based on an examination outside the relevant time period. Although the ALJ may not have mentioned McFarland by name, the ALJ did point out that another opinion was "the only examination during the 'actual period at issue, between the alleged onset date … and the date last insured…," thus providing a reason to

disregard McFarland's opinion that the reviewing court could evaluate.[6] 613 F.3d at 1224.

In Mr. Hines' case, the ALJ gave no reason to disregard Dr. Smith's and Dr. Firestone's opinions. The Court can only review the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which she did not rely. *Garrison*, 759 F.3d at 1010.

The Commissioner points out that the two opinions were marked "Prior Folder," indicating they were initially filed for Mr. Hines' earlier disability application. Dkt. 11 at 4; *see also* Court Transcript Index, Dkt. 7-1 at 3. The Commissioner does not argue that the designation puts the opinions outside the ALJ's purview or makes the error in failing to analyze them harmless, and the Court sees no reason to do so. The opinions were part of the record before the ALJ. *See* Hearing Transcript, Tr. 40 (ALJ states she has exhibits including 3F (Dr. Smith's report) and 6F (Dr. Firestone's report)). The Commissioner determined Mr. Hines was disabled based on his prior application. He lost his disability income because of a statutory prohibition on disability payments during incarceration, not because there was any medical evidence of improvement in his impairments. *See* 42 U.S.C. § 402(x)(1)(A). Neither the ALJ nor the Commissioner contends that Mr. Hines' impairments have improved substantially. The medical evidence in the prior folder is thus relevant to the present disability determination.

The Court concludes the ALJ erred in disregarding, without comment, Dr. Smith's and Dr. Firestone's opinions. *See Garrison*, 759 F.3d at 1012. This error was harmful because the ALJ failed to include all of their opined limitations in the RFC or in the hypothetical to the vocational expert. As such, the error was consequential to the ultimate nondisability

---

[6] Furthermore, the *Turner* court identified three reasons supporting the ALJ's disregard of the McFarland opinion, only one of which was based on the time period. 613 F.3d at 1224.

determination. *See Molina*, 674 F.3d at 1115 (an error is harmless where it is "'inconsequential to the ultimate nondisability determination'" (quoting *Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))). Accordingly, on remand, the ALJ shall reevaluate Dr. Smith's and Dr. Firestone's opinions.

**B.     Limitations on Simple, Routine Tasks**

The ALJ found Mr. Hines has the RFC to "understand, remember, and carry out simple, routine, and repetitive tasks…." Tr. 24. Mr. Hines contends the ALJ erred by not adopting the opinions of Peter Meis, M.D, Charles Quinci, Ph.D., and Alex Fisher, Ph.D., that Mr. Hines would have difficulty even with simple tasks.[7]

The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Garrison*, 759 F.3d at 1009–10 (citations and quotation marks omitted). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citation omitted). Where the evidence can reasonably support either affirming or reversing a decision, the Court may not substitute its judgment for that of the ALJ. *Id*.

The Court concludes the ALJ offered sufficient specific and legitimate reasons, supported by the record, for failing to fully credit Dr. Meis' and Dr. Quinci's opinions. However, the ALJ erred by failing to evaluate Dr. Fisher's opinion.

Dr. Meis, after examining Mr. Hines on April 22, 2014, concluded that his "ability to

---

[7] Mr. Hines' brief also vaguely alludes to Mr. Hines' own credibility, but does not intelligibly contend the ALJ erred in evaluating Mr. Hines' testimony.

ORDER REVERSING AND REMANDING CASE
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 8

perform simple and repetitive tasks is fair to poor, … and ability to perform work activities on a consistent basis without special or additional instructions is poor, based on [his] performance on the cognitive exam." Tr. 565. The ALJ reasonably assigned little weight to Dr. Meis' opinion because it was contradicted by his own clinical findings that Mr. Hines could "easily" execute a simple three-step command and showed good concentration during the conversant portion of the exam. Tr. 27, 564. Mr. Hines did perform poorly on other measures of concentration, such as listing the months of the year backwards and the days of the week backwards. Tr. 564. The three-step command is, however, the most closely analogous to the ability to carry out simple tasks.

After examinations on December 23, 2013, and June 9, 2014, Dr. Quinci opined that Mr. Hines would have "moderate" limitations on his ability to "[u]nderstand, remember, and persist in tasks by following very short and simple instructions…." Tr. 557, 580. The ALJ reasonably discounted Dr. Quinci's opinion as "internally inconsistent" because the findings from the mental status exam are entirely "within normal limits" in 2013 and largely the same in 2014. Tr. 27, 558 (all eight categories within normal limits), 581 (poor memory and insight/judgment; perception not within normal limits but the only comment is "no ps[y]chotic" symptoms).[8] The ALJ also pointed out that Dr. Quinci estimated the "length of time [Mr. Hines would] be impaired with available treatment" as six months in the 2013 report and nine months in the 2014 report, neither of which meets the minimum 12-month durational requirement for Social Security disability. Tr. 27, 557, 580.

The ALJ, however, did not address an assessment by Dr. Fisher, dated October 27, 2006,

---

[8] Dr. Quinci also opined that Mr. Hines' impairments would place no significant limit on his ability to perform routine tasks without special supervision. Tr. 557, 580.

ORDER REVERSING AND REMANDING CASE
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 9

opining that Mr. Hines would have "marked" difficulty in maintaining concentration, persistence or pace and "in his present condition would be unable to adequately persist on tasks."[9] Tr. 476, 478. The ALJ's decision does not mention Dr. Fisher's opinion; nor does the Commissioner's briefing. As discussed above, it is error to disregard a medical opinion without comment. *See Garrison*, 792 F.3d at 1012.

On remand, the ALJ shall evaluate Dr. Fisher's opinion.

**C.     Attendance and Productivity**

Mr. Hines contends the ALJ erred in not determining that his attendance and productivity level would be insufficient to maintain employment. But there is no medical opinion to support Mr. Hines' proposed RFC limitation of missing more than one day per month or being unproductive more than ten percent of the time.

A vocational expert testified that employers' typical "tolerance for absenteeism is about one day a month" and that below "about a ten percent production deficit" a claimant could not maintain employment. Tr. 71-72. Dr. Meis opined that Mr. Hines' "ability to maintain regular attendance in the workplace is fair, and may be limited by his anxiety and fear of other's [sic] motivations." Tr. 565. Dr. Quinci opined that Mr. Hines would have "marked" limitations on his abilities to "[p]erform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision" and to "[c]omplete a normal work day and work week without interruptions from psychologically based symptoms…." Tr. 557. Lastly, Dr. Widlan checked both the "marked" and "severe" boxes for the effect on Mr.

---

[9] Mr. Hines' briefing mentions that Dr. Fisher also opined that Mr. Hines met listing 12.03 due to "probable schizophrenia" but does not appear to argue that the ALJ erred in determining Mr. Hines did not have a listed impairment. *See* Tr. 466, 468. Whether a claimant's impairment meets a listing is an issue reserved to the Commissioner, not medical experts. 20 C.F.R. § 416.927(d)(2).

ORDER REVERSING AND REMANDING CASE
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 10

Hines' ability to "[c]omplete a normal work day and work week without interruptions from psychologically based symptoms…." Tr. 588.

Although Mr. Hines recites several observations described in the three medical providers' treatment notes, he fails to identify any specific functional limitation contained in these opinions that the ALJ failed to account for in the RFC or in the hypothetical to the vocational expert. None of these doctors opined that Mr. Hines would likely be absent at least a day per month or unproductive at least ten percent of the time. As such, Mr. Hines failed to meet his burden of showing the ALJ harmfully erred in evaluating the medical opinions regarding his attendance and productivity levels. *See Molina*, 674 F.3d at 1115; *Shinseki v. Sanders,* 556 U.S. 396, 409, 129 S.Ct. 1696, 173 L.Ed.2d 532 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should evaluate the opinions of Dr. Smith and Dr. Firestone regarding medium or light/sedentary work, and the opinion of Dr. Fisher on Mr. Hines' ability to perform simple, routine tasks.

DATED this 12th day of February, 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE